STATE OF NORTH CAROLINA v. ROY O. ROBERSON

No. 7518SC912

(Filed 7 April 1976)

1. **Gambling § 3— possession of lottery tickets — sufficiency of evidence**
      The State's evidence was sufficient for the jury in a prosecution for possession of tickets and orders used in the operation of a numbers lottery.

2. **Criminal Law § 51; Gambling § 3— lottery tickets — expert testimony — qualification of witness**
      The trial court in a prosecution for possession of lottery tickets did not err in allowing a police officer to give his opinion as to the nature and significance of papers and numbers found at defendant's house after the court had found the officer was an expert in the "investigation" of numbers lotteries but had sustained an objection to the State's tender of the officer as an expert in the "field" of numbers lotteries, since the trial judge, in overruling objections to questions asked the witness, in effect ruled that the witness was qualified to answer such questions.

3. **Gambling § 3— instructions — meaning of lottery ticket**
    The trial court in a prosecution for possession of lottery tickets and orders sufficiently explained to the jury the meaning of the term "lottery ticket."

APPEAL by defendant from *McConnell, Judge.* Judgment entered 29 May 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 March 1976.

The defendant, Roy O. Roberson, was charged in a warrant, proper in form, with having "in his possession and under his control certificates, tickets, and orders used in the operation of a numbers lottery" in violation of G.S. 14-291.1. The defendant pleaded not guilty but was found guilty by the jury. From a judgment of imprisonment in the common jail of Guilford County for a period of eighteen months, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General James Blackburn for the State.*

*Taylor, Upperman, and Johnson by Herman L. Taylor and Leroy W. Upperman, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant assigns as error the denial of his motion for judgment as of nonsuit. Evidence offered by the State tends to show the following:

Detective B. R. Dotson, accompanied by several other detectives, went to the defendant's residence at 127 N. Obermeyer Street, Greensboro, N. C., on 3 October 1974, and, pursuant to a search warrant, searched the premises. They found the defendant seated at a desk. In front of him, on the desk, they found numerous items which were identified as follows: a brown envelope containing slips of paper with numbers on them, a notebook containing columns of numbers, a white envelope containing several small slips of paper with numbers on them, scraps of cardboard paper and "travel card paper for charge cards" with columns of numbers on them, and loose pieces of paper with numbers on them. In a chest of drawers nearby they found a black book containing sheets of paper which listed the dates Monday through Friday from July 1964 to July 1974. Beside each date was a three digit number.

Detective Dotson testified that the small slips of paper with numbers on them were "numbers lottery tickets" being "similar

to the numbers lottery tickets that . . . [he had] seen in the past." Dotson also testified to the procedure of the numbers operation in general—that the winning lottery number on a given day was based on a three digit number derived from the previous day's stock exchange quotations. He then described the columns of numbers on the other papers and testified that the papers were records of bets having been placed for the day's lottery.

Finally, the State showed that the three digit numbers in the black book were the same as would be the winning number of a lottery based on the stock exchange quotations for the ten year period recorded in the book.

When the evidence is considered in its light most favorable to the State, it will permit the jury to find that the defendant had in his possession tickets and orders used in a "numbers" lottery and that he was guilty of a violation of G.S. 14-291.1. This assignment of error is overruled. *See, State v. Walker,* 25 N.C. App. 157, 212 S.E. 2d 528 (1975) ; *cert. denied,* 287 N.C. 264, 214 S.E. 2d 436 (1975).

**[2]**   The defendant next argues it was error to allow Dotson to testify that the slips of paper found on the desk at the defendant's house were lottery tickets after the court had previously sustained an objection to the State's tendering of Dotson "as an expert in the field of numbers lotteries and gambling." The record discloses that at the close of an extensive voir dire examination into Dotson's experience and knowledge in investigating numbers lotteries the court found and concluded:

" . . . that Mr. Dotson is a police officer having served in the Greensboro Police Department for ten years, several years of which have been spent in the Vice Squad, in connection with the *investigation* of numbers lottery and other gambling schemes, and is qualified to testify as an expert in connection therewith." (Emphasis added.)

Immediately following the voir dire the prosecution tendered Dotson "as an expert in the *field* of number lotteries and gambling." (Emphasis added.) There was an objection. The court responded, "Objection sustained. Let's go ahead, just let him testify." The defendant then objected on 38 different occasions to specific questions which called for an opinion by Dotson as to the nature and significance of the papers and numbers found at the defendant's house, each of which was overruled.

"A finding by the trial judge that the witness possesses the requisite skill [as an expert] will not be reversed on appeal unless there is no evidence to support it or the judge abuses his discretion." 1 Stansbury, N. C. Evidence (Brandis Rev.) § 133, p. 430 (footnotes omitted).

We have examined each of the 38 questions objected to and the answers given. In overruling each objection, the trial judge, in effect, ruled that the witness was qualified to answer the specific question as propounded. *State v. Walker, supra.* This assignment of error has no merit.

[3]    Finally defendant asserts the court erred "in that it did not, at any point in its charge, define or attempt to define or explain the term 'lottery ticket' ". We do not agree. After reading the statute under which the defendant was charged, the court recapitulated some of the evidence of Detective Dotson describing the tickets, orders, books and records found in defendant's possession and his explanation and description as to how this paraphernalia was used in operating a numbers lottery. The court then in substance instructed the jury that before it could find defendant guilty of violating the statute it must find from the evidence and beyond a reasonable doubt that (1) the defendant possessed the tickets and orders and (2) that such tickets, orders and paraphernalia were used in a numbers lottery. When the charge is considered contextually as a whole, in our opinion, it complies with the requirements of G.S. 1-180 and is free from prejudicial error.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.